

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. V. Coker, Chairman
Sub-committee for Committee on Counties
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Sir:

Opinion No. O-6430
Re: Constitutionality of House
Bill No. 221, as amended,
regarding appointment and
compensation of deputy
sheriffs.

Your letter of February 20, 1945, requesting the opinion of this Department as to the constitutionality of House Bill No. 221, as amended, regarding the appointment and compensation of deputy sheriffs, is, in part, as follows:

"As Chairman of the sub-committee to which amended H. B. No. 221 was referred I hereby respectfully request an examination by your Department and an opinion of this Bill as to its constitutionality."

House Bill No. 221, as amended, is as follows:

"AMEND House Bill No. 221 by striking out all below the enacting clause and insert in lieu thereof the following:

"Section 1. Whenever any sheriff in this State shall require the service of deputies in the performance of his duties, he shall apply to the Commissioners' Court of the County of his residence for authority to appoint such deputies, stating by sworn application the number needed, the position to be filled, and the compensation

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and the compensation to be collected by his office during the fiscal year and the probable disbursements, which shall include all salaries and expenses of said office; and said Court shall make its order authorizing the appointment of such number of deputies as it may determine and allow, and fixing the compensation to be paid such deputies as herein stipulated; provided, however, that each sheriff in this State shall be allowed not less than One (1) Deputy; and provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as such deputy. Upon the entry of such order, the sheriff applying for such deputies shall be authorized to appoint them, provided that compensation for each deputy shall be fixed in the amount hereinafter set out. The compensation which may be allowed such deputies for their services shall be based upon the last preceding Federal census, and shall not exceed the following amounts:

"(a) In counties containing less than Ten Thousand (10,000) inhabitants, the Chief Deputy's salary shall not exceed Two Thousand Four Hundred ($2,400.00) Dollars per annum, and the salaries of other deputies shall not exceed One Thousand Eight Hundred ($1,800.00) Dollars per annum each.

"(b) In counties containing as many as Ten Thousand (10,000) and less than Twenty Thousand (20,000) inhabitants, the Chief Deputy's salary shall not exceed Two Thousand Four Hundred ($2,400.00) Dollars per annum, and the salaries of other deputies shall not exceed One Thousand Eight Hundred ($1,800.00) Dollars per annum each.

"(c) In counties containing as many as Twenty Thousand (20,000) and not more than Thirty-seven Thousand Five Hundred (37,500) inhabitants, the Chief Deputy's salary shall not exceed Two Thousand Six Hundred ($2,600.00) Dollars per annum, and the salaries of other deputies shall not exceed Two Thousand ($2,000.00) Dollars per annum each.

"(d) In counties containing as many as Thirty-seven Thousand Five Hundred and One (37,501) and not more than Sixty Thousand (60,000) inhabitants, the Chief Deputy's salary shall not exceed Two Thousand Seven Hundred ($2,700.00) Dollars per annum, and the salaries of other deputies shall not exceed Two Thousand One Hundred ($2,100.00) Dollars per annum each .

"(e) In counties containing as many as Sixty Thousand and One (60,001) and not more than One Hundred Thousand (100,000) inhabitants, the Chief Deputy's salary shall not exceed Three Thousand ($3,000.00) Dollars per annum, and the salaries of other deputies shall not exceed Two Thousand Four Hundred ($2,400.00) Dollars per annum each.

"(f) In counties containing as many as One Hundred Thousand and One (100,001) and not more than One Hundred Fifty Thousand (150,000) inhabitants, the Chief Deputy's salary shall not exceed Three Thousand Two Hundred ($3,200.00) Dollars per annum, and the salaries of other deputies shall not exceed Two Thousand Six Hundred ($2,600.00) Dollars per annum each.

"(g) In counties containing as many as One Hundred Fifty Thousand and One (150,001) and not more than Three Hundred Fifty-five Thousand (355,000) inhabitants, the Chief Deputy's salary shall not exceed Three Thousand Six Hundred ($3,600.00) Dollars per annum, and the salaries of other deputies shall not exceed Three Thousand ($3,000.00) Dollars per annum each.

"(h) In counties containing more than Three Hundred Fifty-five Thousand (355,000) inhabitants, the Chief Deputy's salary shall not exceed Four Thousand Two Hundred ($4,200.00) Dollars per annum, and the salaries of other deputies shall not exceed Three Thousand Four Hundred ($3,400.00) Dollars per annum each.

"Section 2. All such compensation shall be paid in Twelve (12) equal monthly installments per year, and paid from funds and in the manner now provided by law for payment of such deputies.

Hon. A. Y. Coker, Page 4

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed to the extent of the conflict only.

"Section 4. The fact that the compensation provided for Deputy Sheriffs for the various counties in Texas are now inadequate for the services performed by such deputies, and further, that because of said fact it is difficult for the Sheriffs of Texas to employ efficient deputies for the salaries now being paid, and the further fact that the efficient operation of the office of sheriff in the various counties of this State requires that the salaries of Deputy Sheriffs should be raised by the Legislature of Texas without further delay, creates an emergency and an imperative public necessity that the Constitutional Rule requiring the reading of bills on three (3) several days in each House be suspended, and said rule is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted."

"House Bill No. 221, as amended, is an Act fixing the mode and manner in which deputy sheriffs shall be appointed and paid; fixing the maximum compensation, providing that each sheriff shall be allowed at least one deputy; providing for the repeal of all laws and parts of laws in conflict with said Bill to the extent of the conflict only; and declaring an emergency.

Your attention is directed to the last two sentences in Section 1 of the Bill. It will be noted that in the first sentence mentioned that it is provided that compensation for each deputy shall be fixed in the amount hereinafter set out. The following sentence provides that the compensation shall not exceed the following amounts. These sentences are in conflict. It is apparent that it was intended that the first sentence mentioned would be in effect "upon the entry of such order, the sheriff applying for such deputies shall be authorized to appoint them, provided that the amount of compensation for each deputy sheriff shall be fixed not to exceed the amount hereinafter set out."

The Bill in question is applicable to every county of the designated class. We have considered the Bill in connection with Section 61, Article 16 of the State Constitution

Hon. C. W. Coker, Page 5

and it is our opinion that the Act in question is not repugnant to that Section of the Constitution. It is our further opinion that the Act is not repugnant to that Section of the Constitution which prohibits the passage of special or local laws. (Article 3, Section 56). We have carefully considered various other provisions of the Constitution in connection with said House Bill No. 221 and have failed to find any provision in said Bill that is repugnant to the constitutional provisions considered by us. Our attention has not been directed to any provision of the Constitution that may be contravened by the provisions of said Bill and we have found none. It is our opinion that said House Bill No. 221, as amended, is valid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:fb





APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN